# EXHIBIT  A



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro; Hm Office Lgl SOP Paralegal<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number 1765547 |
| **Entity Served:** | Liberty Mutual Insurance |
| **Title of Action:** | Piedmont Roofing Services, LLC vs. Liberty Mutual Insurance |
| **Matter Name/ID:** | Piedmont Roofing Services, LLC vs. Liberty Mutual Insurance (13026069) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Mecklenburg County Superior Court, NC |
| **Case/Reference No:** | 22-CVS-15701 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/03/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | John David Matheny II<br>984-269-3829 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# STATE OF NORTH CAROLINA

Mecklenburg County

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name And Address Of Plaintiff 1**
Piedmont Roofing Services, LLC
4917 Cedar Forest Drive
Charlotte NC 28226

2022 SEP 23 A 11: 46

MECKLENBURG CO. C.S.C.

BY

**Name And Address Of Plaintiff 2**

# GENERAL
# CIVIL ACTION COVER SHEET

☒ INITIAL FILING  ☐ SUBSEQUENT FILING

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

## VERSUS

**Name And Address Of Defendant 1**
Liberty Mutual Insurance
PO Box 515097
Los Angeles, CA 90051

**Name And Address Of Attorney Or Party, If Not Represented**
(complete for initial appearance or change of address)
Matheny Law PLLC
John David Matheny II
516-D River Highway, Suite 198
Mooresville NC 28117

| Telephone No. 984-269-3829 | Cellular Telephone No. |
|---|---|

| NC Attorney Bar No. 49387 | Attorney Email Address mathenylawpllc@gmail.com |
|---|---|

**Summons Submitted**
☐ Yes ☐ No

**Name And Address Of Defendant 2**

☒ Initial Appearance in Case  ☐ Change of Address

| Name Of Firm Matheny Law PLLC | Fax No. |
|---|---|

**Summons Submitted**
☐ Yes ☐ No

Counsel For
☒ All Plaintiffs  ☐ All Defendants  ☐ Only: (list party(ies) represented)

☒ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

## TYPE OF PLEADING

(check all that apply)

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) (see Note)
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) Assess Court Costs
☐ Crossclaim (list on back) (CRSS) Assess Court Costs
☐ Dismiss (DISM) Assess Court Costs
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other (specify and list each separately)

**NOTE:** All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

(over)

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☐ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☒ Money Owed (MNYO) | |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | |
| ☐ Contract (CNTR) | ☐ Negligence - Other (NEGO) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

| Date | Signature Of Attorney/Party |
|---|---|
| 9-23-2022 | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s)    ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |
| | | ☐ Yes  ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

# STATE OF NORTH CAROLINA

_____Mecklenburg_____ County

File No. 22 CVS 15761

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Piedmont Roofing Services LLC | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| *Address*<br>4917 Cedar Forest Drive | |
| *City, State, Zip*<br>Charlotte NC 28226 | G.S. 1A-1, Rules 3 and 4 |
| **VERSUS** | |
| *Name Of Defendant(s)*<br>Liberty Mutual Insurance<br>PO Box 515097<br>Los Angeles, CA 90051 | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

### To Each Of The Defendant(s) Named Below:

| | |
|---|---|
| *Name And Address Of Defendant 1*<br>Liberty Mutual Insurance<br>PO Box 515097<br>Los Angeles, CA 90051 | *Name And Address Of Defendant 2* |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Matheny Law PLLC<br>516-D River Highway, Suite 198<br>Mooresville, NC 28117 | *Date Issued*<br>9.23.22 | *Time*<br>11:43 ☒AM ☐PM |
| | *Signature* | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| | | |
|---|---|---|
| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
| | *Signature* | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | RETURN OF SERVICE |
|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

FILED

2022 SEP 23

MECKLENBURG CO., C.S.C.

BY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22-CVS-15701

| | |
|---|---|
| Piedmont Roofing Services, LLC | |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' COMPLAINT** |
| Liberty Mutual Insurance | |
| Defendants. | |

COMES NOW Plaintiffs Piedmont Roofing Services, LLC, by and through their undersigned counsel, and for their causes of action against Defendant Liberty Mutual Insurance Plaintiffs allege and say as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiffs are or were domestic limited liability companies authorized to conduct business in the State of North Carolina, more particularly the County of Mecklenburg.

2. The Defendant herein, Liberty Mutual Insurance, is a corporation organized and existing pursuant to the laws of a State other than the State of North Carolina, that conducts business, at all times relevant hereto, in Mecklenburg County, North Carolina.

3. Venue is appropriate in Mecklenburg County pursuant to N.C. Gen. Stat. § 1-79.

4. Jurisdiction is proper in this Superior Court pursuant to N.C. Gen. Stat. § 7A-24.

5. This matter involves Liberty Mutual Insurance (hereinafter, "Liberty") failure to pay multiple claims (hereinafter, collectivity, the "Claims") for covered losses arising in Mecklenburg County, North Carolina (hereinafter, the "Loss"), which is covered by a policy of insurance issued by Liberty to its insured (hereinafter, the "Policy").

6. The acts and omissions of the Defendants, and each of them, giving rise to this cause of action occurred and proximately resulted in injuries and damages, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) to the Plaintiffs in North Carolina.

## FACTS

1

1. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 6 as though fully set forth herein.

2. Upon information and belief, on or about February 6, 2020, Liberty insured Thomasene Hogan (hereinafter "Insured").

3. Thomasene Hogan is a citizen of Mecklenburg County North Carolina. The property covered under the Policy at issue is the residence of the Insured and located at 139 Wyanoke Avenue in Mecklenburg County, North Carolina.

4. Upon information and belief, the insurance policy through which Liberty insured Thomasene Hogan was policy number H3225154988700.

5. Upon information and belief, a hail and wind event caused substantial damage to Insured's property on or about February 6, 2020, which damage and event is the Loss.

6. Upon information and belief, the Loss and corresponding event is/are covered under the Policy.

7. Plaintiffs were hired to make repairs to the building located at 139 Wyanoke Avenue, Charlotte, NC.

8. By and through its Proposal and Contract dated March 8, 2020, the Insured assigned and directed the Claims to Piedmont Disaster Services, L.L.C. (hereinafter, "Piedmont"), a copy of which Proposal and Contract accompanies this Complaint and is incorporated herein as "Exhibit A."

9. As a result of the Loss, Plaintiffs filed the Claims with Liberty, thereby notifying Liberty of the Loss.

10. The claim numbers for each filed claim and the units to which such Claims correspond are set out in "Exhibit B", a copy of which accompanies this Complaint and is incorporated herein.

11. In making such repairs to the buildings, Plaintiff generated repair estimates (hereinafter, "Estimates"), a summary of which are shown on "Exhibit C" and is incorporated herein.

12. The Estimates were based upon the cost to the Loss in accordance with the scope of the damage and, at all times, in accordance with applicable building codes.

13. Plaintiff provided such Estimates to Liberty on numerous occasions.

-2-

14.     The final Estimate totaled in excess of Twenty-Five Thousand Dollars ($25,000.00) as shown in "Exhibit C," which is the summary portion of the Estimates that Plaintiff provided to Liberty, and which Plaintiff hereby incorporates herein.

15.     To date, Liberty has made no payment.

16.     Despite repeated communications from Plaintiffs or Insured to Liberty, as well as the submission of the Claims, Liberty has failed to continues to fail to pay the appropriate costs to repair the Loss, including overhead and profit, costs in dealing with Liberty refusal to pay the appropriate amounts, and other valid charges, expenses, and costs.

17.     Upon information and belief, the Policy provides for arbitration of disputes.

18.     Plaintiffs submitted to Liberty multiple demands for arbitration of the Claims to which Liberty did not respond or deny.

19.     Plaintiffs have submitted multiple requests for its overhead and profit in accordance with the Policy and industry practice, to which Liberty did not respond or deny.

20.     Plaintiffs have submitted multiple requests for its ordinances and law allowances to make repairs in accordance with the applicable building standards then-prevailing, to which Liberty did not respond or deny.

21.     Upon information and belief, any initial offer of resolution from Liberty upon submission of the Claims that failed to include amounts to which the Insured and/or Plaintiffs were entitled under the Policy, if accepted, was/were accepted due to necessity of immediate repairs.

22.     Upon information and belief, at no time since the date of Loss has/have the Insured or Plaintiffs waived its/their entitlement to any amounts properly due and payable under the Policy.

## FIRST CLAIM FOR RELIEF
### (Bad Faith Refusal of Insurance Claim)

23.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 22 as though fully set forth herein.

24.     Liberty and Insured did enter into a policy of insurance, identified above as the policy, the terms and conditions of which are incorporated herein by reference.

25.     Such Policy provides coverage to Insured for a loss from hail damage.

-3-

26.     By the terms and conditions of the Policy, Insured did suffer a loss identified above as the Loss.

27.     Plaintiffs, as assignee of the Insured, made numerous demands to Liberty to pay the appropriate amount of the Loss and as set forth in the estimates identified above as the Estimates.

28.     Insured did make Claims on the Policy, to which Liberty has:

    a.   Made no attempt to properly investigate;

    b.   Failed to provide adequate coverage for the Loss covered by the Policy;

    c.   Failed to acknowledge with reasonable promptness pertinent communications with respect to the Claims under the Policy;

    d.   Failed to adopt and implement reasonable standards for the prompt investigation and settlement of the Claims;

    e.   Failed or did not attempt in good faith to effect prompt, fair, and equitable, settlement of these Claims;

    f.   Failed to pay overhead and profit or for required code upgrades; and

    g.   Compelled Plaintiffs to institute a suit to recover benefits due under the Policy.

29.     As a result of Liberty bad faith refusal to pay the Claims, Plaintiffs have suffered and continue to suffer actual and consequential damages in an amount to determined, actual damages in the amount of the unpaid Claims amounts under the Policy, punitive damages, attorneys' fees and other costs and expenses.

**SECOND CLAIM FOR RELIEF**
**(Unfair Trade Practices in violation of N.C. Gen. Stat. § 75-1.1)**

30.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 29, as though fully set forth herein.

31.     Defendants entered into an Insurance Policy and willfully failed to pay multiple claims, for covered losses. In addition, Defendants willfully ignored repeated demands for Arbitration, multiple requests for its overhead and profit, and multiple requests for its ordinances and law allowances to make repairs.

-4-

32. Defendants' actions constitute unfair and deceptive practices under N.C. Gen. Stat. § 75-1.1.

33. As a result of Defendants' violation of N.C. Gen. Stat. § 75-1.1, Plaintiff has incurred damages in excess of $25,000.00 and Plaintiff is entitled to treble damages in accordance with N.C. Gen. Stat. § 75-16 and payment of attorney fees and costs.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment as to the Insured)

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiffs would show that the Insured did assign its/their Claims to Piedmont.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment as to Liberty)

36. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiffs would show that Liberty must honor the assignments of the Insured's Claims to Plaintiffs thereto.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment: Entitled to Overhead and Profit)

38. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiffs would show that Liberty is responsible for contractor overhead and profit under the Policy.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment: Ordinance and Law)

40. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiffs would show that Liberty is responsible to include in its payments on the Claims funds sufficient to allow repairs to be done in accordance with applicable building code standards.

-5-

**WHEREFORE**, Plaintiffs respectfully request that this Court inquire into the matter(s) set forth herein and issue an Order as follows:

A.   That this Court find that Liberty breached its contractual duties owed to the Insured and Plaintiffs, as assignees of the Insured;

B.   That Plaintiffs be entitled to a judgment against Liberty for all amounts due for the Claim under the Policy;

C.   That Plaintiffs be entitled to an award of actual, consequential, expectation, and punitive damages, court costs and fees, and pre-judgment and post-judgment interest;

D.   That Plaintiffs be entitled to an award of reasonable attorneys' fees, costs, and expenses;

E.   For punitive damages pursuant to N.C. Gen. Stat. §1D-1.

F.   For treble damages pursuant to N.C. Gen. Stat. § 75-1.1.

G.   Declaratory judgment that Liberty is required to honor any assignment of the Claims;

H.   Declaratory judgment that Liberty is required to pay Plaintiffs' overhead and profit under the Policy;

I.   That Plaintiffs are entitled to amend this Complaint as they learn or uncover new information;

J.   That this Court or presiding judge retain jurisdiction to settle all outstanding disputes, supplemental matters, or administrative functions related to this Complaint; and

K.   For any and all other and further relief as this Honorable Court may deem just, proper, and appropriate under the circumstances.


This the ⟨23⟩ day of ⟨September⟩, 2022

By: _____
John David Matheny II
N.C. Bar #49387
516-D River Highway Suite 198
Mooresville, NC 28117
984-269-3829
mathenylawpllc@gmail.com

-6-

## **VERIFICATION**

Ronald Pierce, Member and Manager for Piedmont Roofing Services, LLC, being first duly sworn, deposes and says:

That I have read the foregoing Complaint and know the contents thereof; that I am authorized to execute this Verification on behalf of the Plaintiff; that the facts stated in the Complaint are to my own knowledge and/or are consistent with the books and records of Piedmont Roofing Services, LLC, except as to those contained therein alleged upon information and belief, and as to those matters, I believe them to be true

_____
Ronald Pierce

Sworn to and subscribed to before me

This is the __23__ day of ___September___ 2022.

_____
Notary Public

Notary Commission Expires: __1-5-26__

DAVID MATHENY
NOTARY PUBLIC
IREDELL COUNTY
NORTH CAROLINA
MY COMMISSION EXPIRES 1/5/2026

# PIEDMONT
## ROOFING SERVICES, L.L.C.

4917 Cedar Forest Drive
Charlotte, NC 28226
704-236-3884
piedmontdisasterservicesllc@twc.com

## PROPOSAL AND CONTRACT

This Agreement made this _8_ day of, _MAY_, 20 _20_ by and between Piedmont Roofing Services, L.L.C. and
Owner(s) _THOMASEN HOGAN_ _THOMAIENE_
Address _139 W YANDLE AVE CLT NC 28205_
Phone _____ Email _____

**1. SCOPE OF WORK AND PRICE:** Piedmont Roofing Services, L.L.C shall provide all labor and materials necessary to perform the
roofing work described below ("Work") in exchange for a lump sum payment in the amount of $ _____:

Color: _____  Roof Brand: _ABIGAIL, PARL @ LIBBY MATINAL_  Year: _____

Fiberglass Shingles: _042 0149 65_  _J EAM_

Special Provisions: (If none, so state) _IN ACCORDANCE WITH INSURANCE_
_SUMMARY or SUPPLEMENTS AS REQUIRED_

**ASSIGNMENT OF INSURANCE CLAIM:**

I, _THOMASENE HOGAN_ ("Assignor"), for good and valuable consideration, hereby assign to Ronald Pierce/Piedmont
Roofing Services, LLC, ("Assignee") the following:

1. Any and all rights, title and interest (both legal and equitable) set forth in the insurance policy between Assignor
and _18565 MUTUAL_ ("Insurer"), Policy Number _L132-257_ (the "Policy"), with respect to any and all
claims which Assignor may possess as against Insurer pursuant to the Policy for or relating to any loss which may be
associated with claim number _____ or associated with the event of loss that occurred on _____
(the "Insurance Claim"); and _D42 0149 65_

2. Any and all causes of actions (both legal and equitable) which Assignor may have as against Insurer in connection with
Insurance Claim at issue and/ or arising out of the failure of Insurer to pay for said loss pursuant to the terms of the policy.

**ASSIGNMENT OF INSRUANCE PROCEEDS:**
I hereby authorize and direct any and all insurance carriers, attorneys, agencies, governmental departments, companies, and individuals
("payers"), which may elect or be obligated to pay, provide, or distribute insurance proceeds or damages to me based on any property
insurance policies I may have, to pay directly and exclusively to Piedmont Roofing Services, L.L.C by me. The assignment of proceeds
hereunder shall include, but not be limited to, proceeds from any insurance claim, settlement, judgement, or verdict.

This agreement constitutes the complete agreement between the parties and shall be binding upon each of the parties and their
respective heirs, executors, administrators, successors, agents and assigns.
IN WITNESS WHEREOF, by signing below, the parties hereto agree to be bound to each other by the terms and conditions contained
in this Agreement.

Piedmont Roofing Services, L.L.C. _Ronald Pierce_  Print Name _RONALD V PIERCE_  Date _5-8-20_
Owner Signature: _Thomasine Hogan_  Print Name _THOMASENE HOGAN_  Date _5-8-20_

 **Liberty Mutual Insurance**

PO Box 515097
Los Angeles, CA 90051-5097
Fax: (888) 268-8840

| | | | |
|---|---|---|---|
| Insured: | THOMASENE HOGAN | Home: | (704) 333-5593 |
| Property: | 139 WYANOKE AVE | | |
| | CHARLOTTE, NC 28205-6140 | | |
| Home: | 139 WYANOKE AVE | | |
| | CHARLOTTE, NC 28205-6140 | | |

| | | | |
|---|---|---|---|
| Claim Rep.: | Dawn M. Ryan | Business: | (203) 241-1467 |
| | | E-mail: | Dawn.Ryan@Libertymutual.com |

| | | | |
|---|---|---|---|
| Claimant: | HOGAN, THOMASENE | Home: | (704) 333-5593 |
| Home: | 139 WYANOKE AVE | | |
| | CHARLOTTE, NC 28205-6140 | | |

| | | | |
|---|---|---|---|
| Estimator: | Dawn M. Ryan | Business: | (203) 241-1467 |
| | | E-mail: | Dawn.Ryan@Libertymutual.com |

**Claim Number:** 042014965-01   **Policy Number:** H3225154988700   **Type of Loss:** Wind

| | | | |
|---|---|---|---|
| Date Contacted: | 2/14/2020 12:00 AM | | |
| Date of Loss: | 2/6/2020 12:00 AM | Date Received: | 2/14/2020 2:00 AM |
| Date Inspected: | 2/19/2020 12:00 AM | Date Entered: | 2/14/2020 12:07 PM |
| Date Est. Completed: | 2/19/2020 6:18 PM | | |

| | |
|---|---|
| Price List: | NCCL8X_FEB20 |
| | Restoration/Service/Remodel |
| Estimate: | THOMASENE_HOGAN1 |

 **Liberty Mutual Insurance**

PO Box 515097
Los Angeles, CA 90051-5097
Fax: (888) 268-8840

In the following pages, you will find the estimated cost of covered repairs to your property.

**For Dwelling and/or Other Structure items:** The estimated cost of covered repairs to your home is calculated using current local prices that are usual and customary. This estimate is based on the replacement cost of the damaged property, less your policy deductible and any applicable depreciation.

Your current mortgage company may be listed as the payee on payment(s) for the covered repairs to your home. If so, you will need to contact your mortgage company to determine their procedures for processing claims payments. The mortgage company will not be listed on payments for your personal property.

We encourage you to work with a contractor of your choice in completing the repairs to your home. If you or your contractor has any questions or concerns about this estimate, please contact me at the number shown above. It is important to call us with questions prior to beginning repairs, as any changes in the scope of damages or pricing must be pre-approved by Liberty Mutual Insurance.

**For Personal Property items:** Prices are calculated utilizing like, kind and quality goods, less any applicable depreciation, policy limits, or other adjustments as outlined in the estimate. For your convenience, we can refer you to vendors who may be able to directly replace many of your lost and/or damaged items.

If you have any questions about this estimate, please do not hesitate to contact us at the numbers provided above.

Thank you for insuring with Liberty Mutual Insurance. We appreciate your business.



**Liberty Mutual Insurance**

PO Box 515097
Los Angeles, CA 90051-5097
Fax: (888) 268-8840

THOMASENE_HOGAN1

SKETCH2

Accurence



R2

1441.43 Surface Area
158.04 Total Perimeter Length

14.41 Number of Squares
56.45 Total Ridge Length

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 1. Tear off composition shingles (no haul off) | 14.41 SQ | 33.82 | 0.00 | 487.35 | (0.00) | 487.35 |
| 2. 3 tab - 25 yr. - comp. shingle roofing - w/out felt | 16.00 SQ | 167.71 | 84.15 | 2,767.51 | (1,660.51) | 1,107.00 |
| This line item includes a shingle material allowance of $ 70.03 per square, which reflects current market prices in your area. Market prices were verified by Materials Supply Warehouse, LLC. The MSW Managed Material Program allows you or your contractor of choice to have materials delivered directly to your home for installation. For more information on MSW contact them at: deliverynow@materialssupplywarehouselle.com or 888-508-5009 | | | | | | |
| 3. Roofing felt - 15 lb. | 14.69 SQ | 25.77 | 5.73 | 384.29 | (288.22) | 96.07 |
| INCLUDES 2% WASTE | | | | | | |
| 4. Flashing - pipe jack | 2.00 EA | 35.26 | 1.39 | 71.91 | (30.82) | 41.09 |
| 5. Roof vent - turbine type | 2.00 EA | 103.04 | 8.99 | 215.07 | (92.17) | 122.90 |
| Totals: R2 | | | 100.26 | 3,926.13 | 2,071.72 | 1,854.41 |

Debris Removal

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 6. Dumpster load - Approx. 12 yards, 1-3 tons of debris | 1.00 EA | 397.50 | 0.00 | 397.50 | (0.00) | 397.50 |
| Totals: Debris Removal | | | 0.00 | 397.50 | 0.00 | 397.50 |
| Total: Accurence | | | 100.26 | 4,323.63 | 2,071.72 | 2,251.91 |
| Total: SKETCH2 | | | 100.26 | 4,323.63 | 2,071.72 | 2,251.91 |

SKETCH1

Main Level

THOMASENE_HOGAN1

3/20/2020     Page: 3



## Liberty Mutual Insurance

PO Box 515097
Los Angeles, CA 90051-5097
Fax: (888) 268-8840



**Living Room**                                                                 Height: 8'

614.17 SF Walls                          291.67 SF Ceiling
905.84 SF Walls & Ceiling                291.67 SF Floor
32.41 SY Flooring                        76.77 LF Floor Perimeter
76.77 LF Ceil. Perimeter

**Missing Wall - Goes to Floor**          3' X 6' 8"                    Opens into HALLWAY

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 7. Plaster patch - small repair - ready for paint | 1.00 EA | 179.05 | 0.64 | 179.69 | (0.00) | 179.69 |
| 8. Seal/prime then paint the ceiling (2 coats) | 291.67 SF | 0.89 | 3.38 | 262.97 | (0.00) | 262.97 |
| **Totals: Living Room** | | | 4.02 | 442.66 | 0.00 | 442.66 |

**Hallway**                                                                     Height: 8'

658.17 SF Walls                          142.52 SF Ceiling
800.69 SF Walls & Ceiling                142.52 SF Floor
15.84 SY Flooring                        82.27 LF Floor Perimeter
82.27 LF Ceil. Perimeter

**Missing Wall - Goes to Floor**          3' X 6' 8"                    Opens into LIVING_ROOM
**Door**                                  2' 6" X 6' 8"                 Opens into Exterior

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 9. Paint the ceiling - one coat | 142.52 SF | 0.60 | 1.14 | 86.65 | (0.00) | 86.65 |
| **Totals: Hallway** | | | 1.14 | 86.65 | 0.00 | 86.65 |
| **Total: Main Level** | | | 5.16 | 529.31 | 0.00 | 529.31 |
| **Total: SKETCH1** | | | 5.16 | 529.31 | 0.00 | 529.31 |

**Labor Minimums Applied**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 10. Plaster labor minimum* | 1.00 EA | 77.39 | 0.00 | 77.39 | (0.00) | 77.39 |
| **Totals: Labor Minimums Applied** | | | 0.00 | 77.39 | 0.00 | 77.39 |
| **Line Item Totals: THOMASENE_HOGAN1** | | | 105.42 | 4,930.33 | 2,071.72 | 2,858.61 |

Case 3:22-cv-00593-RJC-DCK   Document 3-1   Filed 10/28/22   Page 18 of 29



**Liberty Mutual Insurance**

PO Box 515097
Los Angeles, CA 90051-5097
Fax: (888) 268-8840

## Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 1,272.33 | SF Walls | 434.19 | SF Ceiling | 1,706.53 | SF Walls and Ceiling |
| 434.19 | SF Floor | 48.24 | SY Flooring | 159.04 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 159.04 | LF Ceil. Perimeter |

| | | | | | |
|---|---|---|---|---|---|
| 434.19 | Floor Area | 482.13 | Total Area | 1,272.33 | Interior Wall Area |
| 1,267.79 | Exterior Wall Area | 127.94 | Exterior Perimeter of Walls | | |

| | | | | | |
|---|---|---|---|---|---|
| 1,441.43 | Surface Area | 14.41 | Number of Squares | 158.04 | Total Perimeter Length |
| 56.45 | Total Ridge Length | 0.00 | Total Hip Length | | |



**Liberty Mutual Insurance**

PO Box 515097
Los Angeles, CA 90051-5097
Fax: (888) 268-8840

## Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 4,824.91 |
| Material Sales Tax | 105.42 |
| **Replacement Cost Value** | **$4,930.33** |
| Less Depreciation | (2,071.72) |
| **Actual Cash Value** | **$2,858.61** |
| Less Deductible | (250.00) |
| Less Prior Payment(s) | (356.70) |
| **Net Claim Remaining** | **$2,251.91** |
| Total Recoverable Depreciation | 2,071.72 |
| **Net Claim Remaining if Depreciation is Recovered** | **$4,323.63** |

Dawn M. Ryan

Case 3.22-cv-00593-RJC-DCK   Document 3-1   Filed 10/28/22   Page 20 of 29



**Liberty Mutual Insurance**

PO Box 515097
Los Angeles, CA 90051-5097
Fax: (888) 268-8840

## Recap of Taxes

| | Material Sales Tax (7.25%) | Laundry & D/C Tax (7.25%) | Manuf. Home Tax (2%) | Storage Rental Tax (7.25%) | Local Food Tax (2%) | Total Tax (7.25%) | Mat Tax (Rpr/Maint) (7.25%) |
|---|---|---|---|---|---|---|---|
| **Line Items** | 105.42 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total** | 105.42 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Case 3:22-cv-00593-RJC-DCK   Document 3-1   Filed 10/28/22   Page 21 of 29

EXHIBIT *C*

## Premier Claims Services

| | |
|---|---|
| Client: | Thomaseen Logan |
| Property: | 139 Wyanoke Avenue |
| | Charlotte, NC 28205 |

| | |
|---|---|
| Operator: | PREMIERC |

| | |
|---|---|
| Estimator: | Alyson Wells |
| Company: | Premier Claims Services LLC |
| Business: | 2110 Parson Street |
| | Charlotte, NC 28205 |

| | | | |
|---|---|---|---|
| Type of Estimate: | Wind Damage | | |
| Date Entered: | 8/15/2022 | Date Assigned: | 8/15/2022 |
| Date Est. Completed: | 8/15/2022 | Date Job Completed: | |

| | |
|---|---|
| Price List: | NCCL8X_AUG22 |
| Labor Efficiency: | Restoration/Service/Remodel |
| Estimate: | THOMASEEN_LOGAN |

A comparative estimate has been prepared to assist all parties involved in this claim. Items changed and/or added to the original scope of loss are in bold for easy comparison. Changes have an explanation, photo or code language attached to the line item, explaining the change and/or addition.
Additional photos, measurements, reports and ESX file are available upon request.

Applicable code information:
The codes and standards, currently adopted and enforced, are as follows:
2018 International Building Code
2018 International Residential Code
2018 International Plumbing Code
2018 International Mechanical Code
2018 International Fuel Gas Code

THOMASEEN_LOGAN

Dwelling Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 1. Tear off, haul and dispose of comp. shingles - 3 tab | 14.47 SQ | 66.52 | 0.00 | 192.50 | 1,155.04 | (0.00) | 1,155.04 |
| 2. Re-nailing of roof sheathing - complete re-nail | 1,447.00 SF | 0.23 | 27.96 | 66.56 | 427.33 | (0.00) | 427.33 |

Proper nail able surface is standard code compliance.
Re-nailing of decking is required on reroofs due to the nails that have been lifted or removed from removing shingles from roof decking, leaving nails exposed above the wood decking. All exposed or missing nails must be re-nailed back into decking before a proper nail able surface can be obtained for the roof replacement.

| 3. Replace Ice & water barrier | 423.00 SF | 1.52 | 54.01 | 128.60 | 825.57 | (0.00) | 825.57 |

In order to ensure code compliance in the area, ice and water shield must be installed on the eaves to a point 24" from the roofs edge, on a horizontal line, inside the heated wall.

R905.1.2 Ice Barriers
In areas where there has been a history of ice forming along the eaves causing a backup of water as designated in Table R301.2(1), an ice barrier shall be installed for asphalt shingles, metal roof shingles, mineral-surfaced roll roofing, slate and slate-type shingles, wood shingles and wood shakes. The ice barrier shall consist of not fewer than two layers of underlayment cemented together, or a self-adhering polymer-modified bitumen sheet shall be used in place of normal underlayment and extend from the lowest edges of all roof surfaces to a point not less than 24 inches (610 mm) inside the exterior wall line of the building. On roofs with slope equal to or greater than 8 units vertical in 12 units horizontal, the ice barrier shall also be applied not less than 36 inches (914 mm) measured along the roof slope from the eave edge of the building.
Exception: Detached accessory structures not containing conditioned floor space.
Additional material for full low slope

15% material waste included

| 4. Replace Roofing felt - 15 lb. | 16.67 SQ | 31.59 | 44.23 | 105.32 | 676.16 | (0.00) | 676.16 |

15% material added for waste

| 5a. Remove Drip edge | 175.00 LF | 0.42 | 0.00 | 14.70 | 88.20 | (0.00) | 88.20 |
| 5b. Replace Drip edge | 175.00 LF | 2.61 | 38.36 | 91.36 | 586.47 | (0.00) | 586.47 |

Local building code require that a drip edge be installed on both the rakes and eaves of all roof systems.
R905.2.8.5 Drip Edge
A drip edge shall be provided at eave and rake edges of shingle roofs. Adjacent segments of drip edge shall be overlapped not less than 2 inches (51 mm). Drip edges shall extend not less than 1/4 inch (6.4 mm) below the roof sheathing and extend up back onto the roof deck not less than 2 inches (51 mm). Drip edges shall be mechanically fastened to the roof deck at not more than 12 inches (305 mm) o.c. with fasteners as specified in Section R905.2.5. Underlayment shall be installed over the drip edge along eaves and under the underlayment along rake edges.
15% material waste included

| 6. Replace Asphalt starter - universal starter course | 175.00 LF | 1.87 | 27.49 | 65.46 | 420.20 | (0.00) | 420.20 |

15% material added for waste

| 7. Replace 3 tab - 25 yr. - comp. shingle roofing - w/out felt | 16.67 SQ | 275.00 | 385.08 | 916.86 | 5,886.19 | (0.00) | 5,886.19 |
| 8a. Remove Hip / Ridge cap - composition shingles | 60.00 LF | 2.58 | 0.00 | 30.96 | 185.76 | (0.00) | 185.76 |
| 8b. Replace Hip / Ridge cap - composition shingles | 60.00 LF | 4.19 | 21.12 | 50.28 | 322.80 | (0.00) | 322.80 |
| 9a. Remove Chimney flashing - small (24" x 24") | 1.00 EA | 16.12 | 0.00 | 3.22 | 19.34 | (0.00) | 19.34 |
| 9b. Replace Chimney flashing - small (24" x 24") | 1.00 EA | 300.27 | 25.22 | 60.06 | 385.55 | (0.00) | 385.55 |
| 10a. Remove Flashing - pipe jack | 2.00 EA | 9.08 | 0.00 | 3.64 | 21.80 | (0.00) | 21.80 |
| 10b. Replace Flashing - pipe jack | 2.00 EA | 42.46 | 7.13 | 16.98 | 109.03 | (0.00) | 109.03 |
| 11. Prime & paint roof jack | 2.00 EA | 38.77 | 6.52 | 15.50 | 99.56 | (0.00) | 99.56 |

**CONTINUED - Dwelling Roof**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Code compliance to prevent rust | | | | | | | |
| 12a. Remove Roof vent - turbine type | 2.00 EA | 11.59 | 0.00 | 4.64 | 27.82 | (0.00) | 27.82 |
| 12b. Replace Roof vent - turbine type | 2.00 EA | 113.37 | 19.04 | 45.34 | 291.12 | (0.00) | 291.12 |
| 13. Prime & paint roof vent | 2.00 EA | 38.77 | 6.52 | 15.50 | 99.56 | (0.00) | 99.56 |
| Code compliance to prevent rust | | | | | | | |
| 14. Dumpster load - Approx. 30 yards, 5-7 tons of debris | 1.00 EA | 675.00 | 0.00 | 135.00 | 810.00 | (0.00) | 810.00 |
| 15. Final cleaning - construction - Residential | 1,447.00 SF | 0.28 | 0.00 | 81.04 | 486.20 | (0.00) | 486.20 |
| Magnetic roller and roofing debris cleanup | | | | | | | |
| 16. Taxes, insurance, permits & fees (Bid Item) | 1.00 EA | 750.00 | 63.00 | 150.00 | 963.00 | (0.00) | 963.00 |
| North Carolina in excess of $15,000.00<br>North Carolina General Statute 153A-357 Permits:<br>(a) The construction, reconstruction, alteration, repair, movement to another site, removal, or demolition of any building<br>(1) The installation, extension, or general repair of any plumbing system | | | | | | | |
| without first securing from the inspection department with jurisdiction over the site of the work each permit required by the State Building Code and any other State or local law or local ordinance or regulation applicable to the work | | | | | | | |
| 17. Administrative/supervisor labor charge (Bid Item) | 8.00 HR | 80.00 | 53.76 | 128.00 | 821.76 | (0.00) | 821.76 |
| This is for a superintendent/project manager used to manage residential jobs where formal supervision/project management is needed to coordinate the work of subcontractors or to perform other project management duties | | | | | | | |

| Totals: Dwelling Roof | | | 779.44 | 2,321.52 | 14,708.46 | 0.00 | 14,708.46 |
|---|---|---|---|---|---|---|---|

**Living Room**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 18. Content Manipulation charge - per hour | 2.50 HR | 80.00 | 16.80 | 40.00 | 256.80 | (0.00) | 256.80 |
| 19. Floor protection - plastic and tape - 10 mil | 291.67 SF | 0.34 | 8.33 | 19.84 | 127.34 | (0.00) | 127.34 |
| 20. Mask and prep for paint - plastic, paper, tape (per LF) | 76.77 LF | 1.55 | 10.00 | 23.80 | 152.79 | (0.00) | 152.79 |
| 21a. Remove 1/2" drywall - hung, taped, floated, ready for paint | 32.00 SF | 0.54 | 0.00 | 3.46 | 20.74 | (0.00) | 20.74 |
| 21b. Replace 1/2" drywall - hung, taped, floated, ready for paint | 32.00 SF | 2.09 | 5.62 | 13.38 | 85.88 | (0.00) | 85.88 |
| 22. Seal the surface area w/latex based stain blocker - one coat | 291.67 SF | 0.69 | 16.91 | 40.26 | 258.42 | (0.00) | 258.42 |
| 23. Paint the surface area - two coats | 291.67 SF | 1.12 | 27.44 | 65.34 | 419.45 | (0.00) | 419.45 |
| 24. Cleaning - Labor Minimum | 0.00 EA | 112.26 | 0.00 | 0.00 | 0.00 | (0.00) | 0.00 |
| living room and hallway | | | | | | | |

### CONTINUED - Living Room

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Totals: Living Room | | | 85.10 | 206.08 | 1,321.42 | 0.00 | 1,321.42 |

### Hallway

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 25. Content Manipulation charge - per hour | 0.50 HR | 80.00 | 3.36 | 8.00 | 51.36 | (0.00) | 51.36 |
| 26. Floor protection - plastic and tape - 10 mil | 142.52 SF | 0.34 | 4.07 | 9.70 | 62.23 | (0.00) | 62.23 |
| 27. Mask and prep for paint - plastic, paper, tape (per LF) | 82.27 LF | 1.55 | 10.72 | 25.50 | 163.74 | (0.00) | 163.74 |
| 28. Seal the surface area w/latex based stain blocker - one coat | 142.52 SF | 0.69 | 8.26 | 19.66 | 126.26 | (0.00) | 126.26 |
| 29. Paint the surface area - two coats | 142.52 SF | 1.12 | 13.40 | 31.92 | 204.94 | (0.00) | 204.94 |
| Totals: Hallway | | | 39.81 | 94.78 | 608.53 | 0.00 | 608.53 |

### Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 30. Drywall labor minimum | 1.00 EA | 254.75 | 21.40 | 50.96 | 327.11 | (0.00) | 327.11 |
| Totals: Labor Minimums Applied | | | 21.40 | 50.96 | 327.11 | 0.00 | 327.11 |
| Line Item Totals: THOMASEEN_LOGAN | | | 925.75 | 2,673.34 | 16,965.52 | 0.00 | 16,965.52 |

## Summary

| | |
|---|---:|
| Line Item Total | 13,366.43 |
| Overhead | 1,336.67 |
| Profit | 1,336.67 |
| Total Tax | 925.75 |
| **Replacement Cost Value** | **$16,965.52** |
| **Net Claim** | **$16,965.52** |

_____
Alyson Wells

**Premier Claims Services**

## Recap by Room

**Estimate: THOMASEEN_LOGAN**

| | | |
|---|---|---|
| Dwelling Roof | 11,607.50 | 86.84% |
| Living Room | 1,030.24 | 7.71% |
| Hallway | 473.94 | 3.55% |
| Labor Minimums Applied | 254.75 | 1.91% |
| **Subtotal of Areas** | **13,366.43** | **100.00%** |
| **Total** | **13,366.43** | **100.00%** |

THOMASEEN_LOGAN

8/15/2022      Page: 6

## Recap by Category

| O&P Items | Total | % |
|---|---:|---:|
| CLEANING | 405.16 | 2.39% |
| CONTENT MANIPULATION | 240.00 | 1.41% |
| GENERAL DEMOLITION | 1,940.58 | 11.44% |
| DRYWALL | 321.63 | 1.90% |
| PERMITS AND FEES | 750.00 | 4.42% |
| LABOR ONLY | 640.00 | 3.77% |
| PAINTING | 1,335.10 | 7.87% |
| ROOFING | 7,733.96 | 45.59% |
| O&P Items Subtotal | 13,366.43 | 78.79% |
| Overhead | 1,336.67 | 7.88% |
| Profit | 1,336.67 | 7.88% |
| Total Tax | 925.75 | 5.46% |
| Total | 16,965.52 | 100.00% |

Your insured has hired a general contractor. In this event, it is necessary to include these additional monies to compensate a general contractor for performing the functions of scheduling, managing and coordinating the trades involved in the repair of this property. This may be due to your insured's lack of construction knowledge or available time. It is not appropriate to require a property owner to assume this unpaid work and time burden because of an insurance claim.

A factor of overhead and profit for individual trades is included in estimate line items however, there is no allowance for the general contractor to be compensated for their necessary work outside of GC O&P. This explanation can be found on the Xactware website at:

https://eservice.xactware.com/esc/pdf/overhead-and-profit-20110601.PDF



Matheny Law PLLC
516-D River Highway
Suite 198
Mooresville, NC 28117



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®

7022 0410 0002 6100 3233



U.S. POSTAGE PAID
FCM LG ENV
CORNELIUS, NC
28031
SEP 26, 22
AMOUNT
$9.41

1020          95833          R2303S104160-22

Corporation Service Company
d/b/a CSC Lawyering Incorporating Service
2710 Gateway Oaks Dr.
Suite 150 N
Sacramento, CA 95833